# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JOHN MORGAN, in his personal and representative capacity as trustee of the HELEN LEAF HANCOCK TRUST et. al.,

Plaintiff(s),

v.

DOUG ITO, in his official capacity as the State Oil and Gas Supervisor et. al.,

Defendant(s).

Case No. 8:26-cv-244 MRA (ADSx)

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS [ECF NO. 19]**

On March 5, 2026, Defendants filed a motion to dismiss the case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

This Court, having considered Defendants' Motion to Dismiss and Plaintiffs' papers in opposition thereto, hereby DENIES the motion in its entirety.

Sovereign immunity does not bar Plaintiffs' claims because they only seek injunctive and declaratory relief under *Ex parte Young*, 209 U.S. 123 (1908). Their claims are also ripe for review. They do not need to seek permits when the law that they challenge (Cal. Pub. Res. Code § 3281(a)) on its face bans the issuance of permits and does not give officials any discretion to issue one.

-1-

Dismissal under 12(b)(6) is inappropriate because the Complaint, taking its facts as true, as the Court must at this stage, states a valid Fifth Amendment takings claim. *Sinclair v. City of Seattle*, 61 F.4th 674, 677 (9th Cir. 2023). The Defendants' background principles of law defense involving California nuisance law "turns on the circumstances of each case" and requires deciding "question[s] of fact." *San Diego Gas & Elec. Co. v. Superior Ct.*, 920 P.2d 669, 751 (Cal. 1996); *see also Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015, 1031 (1992). Thus, it is inappropriate for decision at the pleadings stage. Defendants' Motion to Dismiss is hereby **DENIED.**

**IT IS SO ORDERED.**

Dated:

_____

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE